W. Waldan Lloyd (*pro hac vice applicant*)
David W. Tufts, Bar No. 180817
DURHAM, JONES & PINEGAR, P.C.
111 So. Main, Suite 2400
Salt Lake City, Utah 84111
(801) 415-3000
dtufts@djplaw.com
wlloyd@djplaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DRAGE, as Trustee of and JACQUELINE PONS-BUNNEY, a Participant in the WEIL & DRAGE RETIREMENT PLAN, <br><br> Plaintiffs <br><br> v. <br><br> JAY WEIL and JEAN WEIL <br><br> Defendants | Case No. <br><br> **COMPLAINT** <br><br> Judge: |

Plaintiffs, through counsel, complain against Defendants Jay Weil and Jean Weil and allege as follows:

### INTRODUCTION

1.      Weil & Drage, APC is a law firm organized as a professional corporation and operating in California, Nevada, and Arizona, with its primary offices in Laguna Hills, California ("Weil & Drage" or the "Firm").

2.      Weil & Drage is the sponsor of the Weil & Drage Retirement Plan ("Plan").  The Plan was established by Weil & Drage effective April 1, 2004.  The Plan and its related trust are qualified under Internal Revenue Code of 1986 ("Code") §§ 401(a) and 501(a).

3.      The Plan is an employee pension benefit plan within the meaning of Section 3(2)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2)(A).

4.    At all times the Plan has been administered and all actions alleged herein have occurred in Laguna Hills, California.

5.    Plaintiff Christine Drage is currently a trustee of the Plan as defined in ERISA § 403(a), 29 U.S.C. §1103(a), and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)(i) & (iii).

6.    Plaintiff Jacqueline Pons-Bunney is and has been at all times since 2004 a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

7.    Defendant Jay Weil is and was at all times a resident of Orange County, California, and the spouse of Defendant Jean Weil.  Jay Weil was a full time employee of Weil & Drage from July 1, 2008, until his termination from Weil & Drage on May 9, 2019.  From the effective date of the Plan in April, 2004, through October 2019, Jay Weil acted in a fiduciary capacity with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8.    Defendant Jean Weil is and was at all times a resident of Orange County, California, and the spouse of Defendant Jay Weil.  At all times since the establishment of Weil & Drage in 2004, until her retirement from the practice of law effective January 1, 2019, Defendant Jean Weil was the president and the majority shareholder of Weil & Drage and served as the chair of the Firm's board of directors.  From the establishment of the Plan in 2004, until her retirement from the practice of law, she was a discretionary trustee of the Plan, as defined in ERISA § 403(a), 29 U.S.C. § 1103(a), and a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. § 1002(21)(A).  She is also a current participant in the Plan.

**JURISDICTION & VENUE**

9.    Plaintiffs bring this action seeking legal and equitable relief for multiple violations by Defendants of Sections 404, 405 and 406 of Part 4 of Subtitle B of Title I of ERISA, 29 U.S.C. §§ 1104, 1105 and 1106.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

10.     This Court has exclusive jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. §1132(e)(1), in that this is an action brought by a participant and a fiduciary of a plan subject to ERISA.

11.     Plaintiffs have standing to pursue this action under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3), which provide that both a plan participant and a fiduciary of an ERISA plan (as defined in ERISA § 3(21)(A)) have standing to bring an action for appropriate relief under ERISA.

12.     Both of the Plaintiffs bring these claims in their capacity as participants of the Plan, and Plaintiff Christine Drage also brings these claims in her capacity as a trustee and fiduciary of the Plan, under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3), to obtain appropriate relief under ERISA § 409(a), 29 U.S.C. § 1109(a), including restoring and making good to the Plan all losses incurred by the Plan resulting from Defendants' violations of ERISA, disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, and obtaining such other equitable or remedial relief as the Court may deem appropriate under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3)), including the right of offset by the Plan against Jean Weil's benefits in the Plan as permitted under ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4), with respect to all amounts Jean Weil is ordered or required to pay to the Plan as a result of her violations of Part 4 of Subtitle B of Title I of ERISA.

## VENUE

13.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that all or a substantial part of the actions or omissions giving rise to the claims occurred in this district and under 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action.  In addition, venue is proper in this district as this district is where the Plan is administered, where the breaches alleged herein took place, and where Defendants reside, as described in ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

14.    Weil & Drage was originally established and incorporated in 2004 by Defendant Jean Weil and Plaintiff Christine Drage.  The Firm specializes in complex construction litigation and business-related matters.  Jean Weil and Christine Drage were the original shareholders of the Firm.

15.    Effective as of April 1, 2004, Weil & Drage adopted the Plan for the benefit of its employees, thereby becoming the employer and acting thereafter as the plan sponsor of the Plan within the meaning of ERISA §§3(5) and (3)(16)(B), 29 U.S.C. §§1002(5) and 1002(16)(B), respectively.

16.    At all times following the establishment of the Plan Weil & Drage was also the  Administrator of the Plan within the meaning of ERISA §§ 3(16)(A)(ii) and (B)(i), 29 U.S.C. § 1002(A)(ii) and (B)(i) .

17.    The Plan, as a tax-qualified plan under Code § 401(a), incorporated and continues to incorporate provisions that allow the Plan to operate as a cash or deferred arrangement under Code § 401(k). The Plan also permits each participant and beneficiary of the Plan to direct and exercise control over the investment of the Plan assets allocated to the participant's or beneficiary's individual account in the Plan, all as provided in ERISA § 404(c), 29 U.S.C. § 1104(c).

18.    From the effective date of the Plan until her removal as a discretionary trustee of the Plan pursuant to a Notice of Termination adopted by Weil & Drage and delivered to her in December 2019, Defendant Jean Weil, as a discretionary trustee of the Plan and as chair of the board of directors of the Firm, had the authority to and exercised discretionary control over the selection, management and disposition of the various investment options (assets) in the Plan that participants could then invest in their individual accounts, and had the authority to and exercised discretionary responsibility over the management and administration of the Plan, including the engagement and appointment of others to act as service providers to the Plan.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

19.    By virtue of her discretionary authority and control over the selection, management and disposition of the investment option assets of the Plan and her discretionary responsibility over the management and administration of the Plan, Defendant Jean Weil was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21).

20.    At all times Defendant Jay Weil was and is a licensed securities broker, registered investment advisor, certified financial planner, and the sole owner, operator and employee of Weil Financial Services, Inc.  Defendant Jay Weil was a full-time employee of Weil & Drage from July 1, 2008, until he was terminated from employment at Weil & Drage on May 9, 2019.  While employed by Weil & Drage during this time he was the "de facto chief financial officer" of the Firm.  Additionally, although Jay Weil was not a lawyer, he represented himself internally to all officers, directors and employees of the Firm, and externally to third parties and entities, as Chief Financial Officer ("CFO") of the Firm.

21.    With the adoption of the Plan by Weil & Drage in 2004, Defendants Jean and Jay Weil caused the Plan to retain the services of Cambridge Investment Research ("Cambridge") and Weil Financial Services, Inc. for the purpose of providing investment advice to the Plan and overseeing and managing the selection of the investment options that constituted the assets of the Plan.  Compensation for those services was paid by the Plan or by the investment funds in the Plan to Cambridge, a registered broker-dealer.  In turn Cambridge transmitted some or all of the fees and compensation it received from the Plan to Weil Financial Services, and hence, to Defendant Jay Weil personally.  Jay Weil received either directly or indirectly approximately $300,000 - $400,000 in commissions and/or fees from the Plan or from the investment funds in the Plan for his services in providing investment advice to the Plan and overseeing and managing the selection of the investment options that constituted the assets of the Plan.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

22.    From the effective date of the Plan in April, 2004, until his affiliation with the Plan was terminated by Weil & Drage on or about October, 2019, Defendant Jay Weil had the authority to and exercised discretionary control over the selection, management and disposition of the investment options that constituted the assets of the Plan.  Defendant Jay Weil also had the authority and responsibility and rendered investment advice to the Plan in connection with the selection of the various investment options that constituted the assets of the Plan.  For these services Defendant Jay Weil received a fee or other compensation, which was paid either directly to him or indirectly to him through Cambridge and Weil Financial Services, Inc.

23.    By virtue of his discretionary authority and control over the selection, management and disposition of the various investment options that constituted the assets of the Plan and his authority and responsibility and rendering of investment advice to the Plan in connection with the selection of the various investment options that constituted the assets of the Plan in exchange for a fee or other compensation, Defendant Jay Weil was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21).

24.    As a fiduciary of the Plan and as an officer, director and 10 percent or more shareholder of Weil & Drage, the employer sponsoring the Plan, Defendant Jean Weil was and is a "party in interest" with respect to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

25.    As a fiduciary of the Plan, a person providing services to the Plan, an employee and "de facto CFO" of Weil & Drage, the employer sponsoring the Plan, and the spouse of Jean Weil, Defendant Jay Weil was and is a "party in interest" with respect to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

26.    ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4), provides that a plan subject to ERISA may offset from any plan participant's benefits, an amount that the participant is ordered or required to pay to the plan under any written settlement

agreement with the United States Department of Labor, or pursuant to a judgment, order, decree or settlement agreement that expressly provides for an offset of all or part of the amount ordered or required to be paid to the plan against the participant's benefits provided under the plan, due to or as a result of the participant's actions or inactions that constitute a violation or violations of Part 4 of Subtitle B of Title I of ERISA.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA**

**§§ 404(a)(1) and (a)(1)(A); 29 U.S.C. §§ 1104(a)(1) and (a)(1)(A)**

27.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

28.    In carrying out their fiduciary duties and responsibilities to the Plan with respect to selecting various investment options constituting the assets of the Plan that the individual participants and beneficiaries could then self-direct and invest, Defendants Jean and Jay Weil selected only investment options that provided for substantial and excessive fees and/or commissions, which were then paid either directly or indirectly to Defendant Jay Weil.

29.    Pursuant to ERISA §§404(a)(1) and (a)(1)(A), 29 U.S.C. §§1104(a)(1) and (a)(1)(A), a fiduciary of a plan subject to ERISA is required to discharge his or her duties solely in the interests of the participants and beneficiaries of the plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan ("Duty of Loyalty").

30.    By selecting investment options that provided for substantial and excessive fees and commissions, which were then paid either directly or indirectly to Jay Weil, Defendants Jay and Jean Weil personally benefited from the excessive fees and/or commissions they caused to be paid from the Plan in violation of the ERISA's Duty of Loyalty described in the preceding paragraph.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

31.    The actions of Defendants Jay and Jean Weil in selecting the funds as investment options for the Plan were undertaken solely to maximize the amount of fees and commissions Jay Weil would earn, without regard to the costs or expenses associated with the investment in those funds that the Plan participants and beneficiaries would have to pay, the risks inherent in investing in such funds or the earnings and investment returns available from such funds.

32.    Defendant Jay Weil received in excess of $300,000.00 in fees and/or commissions as a result of his and Defendant Jean Weil's breach of ERISA's Duty of Loyalty.

33.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

34.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

35.    In the alternative, Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

36.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF
## AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA
### § 404(a)(1)(B); 29 U.S.C. § 1104(a)(1)(B)

37.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

38.    In carrying out their fiduciary duties and responsibilities to the Plan with respect to selecting various investment options constituting the assets of the Plan that

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

the individual participants and beneficiaries could then self-direct and invest, Defendants Jean and Jay Weil selected only investment options that provided for substantial and excessive investment charges. The investment options selected by Jay and Jean Weil and made available under the Plan provided for investment fees that ranged from a low of 126 basis points (1.26%) to a high of 180 basis points (1.80%), with most funds available under the Plan charging in the range of 140 to 150 basis points (1.40% – 1.50%).

39.    On information and belief, at all times other investment funds in the same investment categories were available for selection with substantially lower fees and comparable or larger investment earnings and returns. Identical funds with lower fees were available to the Plan at all times by simply selecting different share classes from those chosen by Defendants Jay and Jean Weil.

40.    Pursuant to ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), a fiduciary of a plan subject to ERISA must act at all times with the "care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man . . . would use in the conduct of an enterprise of a like character and with like aims." ("Prudence Standard").

41.    In selecting investment options that provided for investment fees ranging from a low of 126 basis points (1.26%) to a high of 180 basis points (1.80%), with most funds available under the Plan charging in the range of 140 to 150 basis points (1.40% – 1.50%), Defendants Jay and Jean Weil failed to comply with ERISA's Prudence Standard.

42.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

43.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

44.    In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

45.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**THIRD CLAIM FOR RELIEF**

**AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA § 406(b)(1); 29 U.S.C. § 1106(b)(1)**

46.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

47.    Defendants Jean and Jay Weil, by selecting only investment options that provided for substantial and excessive fees and/or commissions, a portion of which was then paid either directly or indirectly to Jay Weil, engaged in dealing with the assets of the Plan for their personal benefit.

48.    Pursuant to ERISA § 406(b)(1), 29 U.S.C. §1106(b)(1), a fiduciary of a plan subject to ERISA is prohibited from dealing with the assets of a plan in his or her own interest or for his or her own account ("Self-Dealing").

49.    The actions of Jean and Jay Weil violate the ERISA prohibition against Self-Dealing because they selected high-cost and high-fee investment funds in order to maximize the fees and/or commissions payable to Defendant Jay Weil.

50.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

SLC_4844913

51.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

52.    In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

53.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## FOURTH CLAIM FOR RELIEF
## AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA
## § 406(b)(2); 29 U.S.C. § 1106(b)(2)

54.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

55.    In selecting only investment options that provided for substantial and excessive fees and commissions, a portion of which was then paid either directly or indirectly to Defendant Jay Weil, Defendants Jean and Jay Weil engaged in conduct that was adverse to the interests of the Plan and its participants and beneficiaries. Specifically, their conduct benefited themselves at a cost to the Plan and its participants and beneficiaries.

56.    ERISA §406(b)(2) prohibits a plan fiduciary from acting in any capacity in a transaction involving the plan on behalf of any party whose interests are adverse to the plan ("Conflict of Interest").

57.    The actions of Jean and Jay Weil violate the ERISA prohibition against engaging in transactions involving a Conflict of Interest.

58.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

59.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

60.    In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

61.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**FIFTH CLAIM FOR RELIEF**

**AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA § 406(b)(3); 29 U.S.C. § 1106(b)(3)**

62.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

63.    In the course of engaging in the fiduciary conduct of selecting funds for the Plan, Defendant Jay Weil received either directly or indirectly fees and/or commissions generated by the participants' investments in the funds he chose.  Those payments were transmitted to him through his own business, Weil Financial Services, which received the fees and commissions from Cambridge, a third party broker-dealer to the Plan.

64.    ERISA § 406(b)(3) prohibits a fiduciary of an ERISA plan from receiving any consideration for his own personal account from any party dealing with the plan in connection with a transaction involving the assets of the plan ("Kick-back").

65.    The actions of Defendant Jay Weil in selecting the investment funds to be assets of the Plan and the indirect receipt by him of fees and/or commissions from Cambridge which were generated by participant investments in those same funds is a violation of ERISA's prohibition against the receipt by a fiduciary of any Kick-back.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

66.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

67.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

68.    In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

69.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## SIXTH CLAIM FOR RELIEF
## AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA
## § 406(a)(1)(C); 29 U.S.C. § 1106(a)(1)(C)

70.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

71.    At all times from the establishment of the Plan Defendant Jay Weil was a fiduciary of the Plan, the spouse of Defendant Jean Weil and a person who provided services to the Plan.  From July 1, 2008, Defendant Jay Weil was also an employee and putative officer of Weil & Drage, the employer sponsoring the Plan. For all of these reasons Defendant Jay Weil was and is a "party in interest" with respect to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

72.    The actions of Defendant Jay Weil in selecting investment options for the Plan, which necessarily involved the delivery of investment advice to the Plan, constitute the provision of services to the Plan.  In exchange for these services Defendant Jay Weil received direct or indirect compensation from the Plan in the form of fees and/or commissions that were extracted from the investment funds he selected.

-13-
COMPLAINT

73.    ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(C) provides that a fiduciary with respect to a plan shall not cause the plan to engage in any transaction if the fiduciary knows or should know that the transaction constitutes a direct or indirect furnishing of services to the plan by a party in interest to the plan.

74.    Because Jay Weil was a party in interest to the Plan, his provision of services to the Plan in exchange for a fee and other compensation is a violation of the prohibition under ERISA § 406(a)(1)(C), 29 U.S.C. §§ 1106(a)(C).  Defendant Jean Weil violated her duty as a fiduciary of the Plan in permitting Defendant Jay Weil to engage in, and be compensated by the Plan for, the provision of services to the Plan.

75.    ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2) and the regulations issued by the Department of Labor thereunder provide an exemption from the prohibition against the delivery of services for a fee by a party in interest to a plan, but only if the following conditions are met: (i) the person providing the services is a party in interest solely by reason of providing services to the plan; (ii) the services are necessary for the establishment or maintenance of the plan; (iii) the services are provided under a contract that is reasonable, and (iv) no more than reasonable compensation is paid for the services.

76.    Defendant Jean Weil violated her duty as a fiduciary under ERISA when allowing Defendant Jay Weil to receive compensation from the Plan in exchange for services because (i) he was a party in interest with respect to the plan for reasons other than the provision of services, (ii) he failed to provide the requisite disclosures to the Plan required under DOL regulations defining what constitutes a reasonable contract, and (iii) he received more than reasonable compensation for his services.  *See* the Tenth Claim for Relief below.

77.    Defendant Jean Weil's failure to comply with the prohibitions specified in ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(C) is a breach of her fiduciary duty to the Plan.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

78.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

79.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

80.    In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

81.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

**SEVENTH CLAIM FOR RELIEF**

**AGAINST JAY AND JEAN WEIL FOR VIOLATIONS OF ERISA**

**§ 406(a)(1)(D); 29 U.S.C. § 1106(a)(1)(D)**

82.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

83.    The actions of Defendant Jay Weil in selecting only investment options that provided for substantial and excessive fees and/or commissions, a portion of which was then paid either directly or indirectly to him constitutes use of the Plan's assets by Defendant Jay Weil for his personal benefit.

84.    ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(D) prohibits a fiduciary with respect to a plan from permitting any transaction between a party in interest to the plan and the plan involving plan assets in which the assets are used by or for the benefit of the party in interest.

85.    Defendant Jean Weil violated her duty as a fiduciary under ERISA when she allowed Defendant Jay Weil to engage in the selection of investment funds for the

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

Plan in such a manner as to insure that substantial fees and commissions would be paid to him from those same assets.

86.    As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

87.    As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

88.    Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## EIGHTH CLAIM FOR RELIEF
## AGAINST DEFENDANT JEAN WEIL FOR CO-FIDUCIARY LIABILITY - ERISA § 405(a)(2); 29 U.S.C. § 1105(a)(2)

89.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

90.    At all material times herein, Defendant Jean Weil and Defendant Jay Weil were both fiduciaries of the Plan.  Defendant Jean Weil failed to oversee, review or monitor the actions of Jay Weil or to determine whether the transactions in which he engaged were violations of ERISA.  Due to Defendant Jean Weil's failure to maintain such oversight, Defendant Jay Weil was able to engage in substantial and significant breaches of fiduciary duty to his own personal benefit and at significant cost to the Plan.

91.    ERISA §§405(a)(2); 29 U.S.C. §§1105(a)(2) provides that a fiduciary with respect to a plan shall be personally liable for a breach of fiduciary duty by another fiduciary of the plan whenever the fiduciary, due to his or her failure to comply with the standards of ERISA §404(a)(1), 29 U.S.C. §1104(a)(1), allows or enables such other fiduciary to commit a breach.  Defendant Jean Weil failed to

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

comply with the fiduciary standards in ERISA §404(a)(1), 29 U.S.C. §1104(a)(1) by failing to monitor or oversee the conduct of Defendant and fiduciary Jay Weil.  This failure to monitor enabled him to commit the breaches complained of in this Complaint.  As a consequence Defendant Jean Weil is liable for all loss and damage to the Plan resulting from Defendant Jay Weil's conduct while a fiduciary to the Plan.

92.    As provided under ERISA §502(a)(2), Defendant Jean Weil is liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendant Jay Weil's violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

93.    As provided under ERISA §502(a)(2), Defendant Jean Weil is liable for disgorgement to the Plan of all profits that Defendant Jean Weil has accumulated through his use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

94.    Defendant Jean Weil is liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## NINTH CLAIM FOR RELIEF

## AGAINST JAY AND JEAN WEIL FOR SETTING FEES IN VIOLATION OF 29 C.F.R. § 2550.408b-2(e)(1)

95.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

96.    By exercising discretionary control over the selection of investment options for the Plan and selecting options that provided for substantial and excessive fees and commissions, a portion of which was then paid either directly or indirectly to Defendant Jay Weil, Defendants Jean and Jay Weil established and controlled the amount of compensation Defendant Jay Weil was receiving from the Plan and its participants and beneficiaries.  The compensation received was in the form of fees and commissions paid by Cambridge to Jay Weil through his own company, Weil Financial Services, Inc. Such conduct benefited only themselves at a cost to the Plan and its participants and beneficiaries.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

97.     Department of Labor Regulations at 29 C.F.R. § 2550.408b-2(e)(1) state in pertinent part:

> [A] fiduciary may not use the authority, control, or responsibility which makes such person a fiduciary to cause a plan to pay an additional fee to such fiduciary (or to a person in which such fiduciary has an interest which may affect the exercise of such fiduciary's best judgment as a fiduciary) to provide a service. Nor may a fiduciary use such authority, control, or responsibility to cause a plan to enter into a transaction involving plan assets whereby such fiduciary (or a person in which such fiduciary has an interest which may affect the exercise of such fiduciary's best judgment as a fiduciary) will receive consideration from a third party in connection with such transaction.

98.     Defendants' conduct as described above violated this specific prohibition under ERISA and the Department of Labor Regulations.

99.     As provided under ERISA §502(a)(2), Defendants are liable for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA and the Department of Labor Regulations, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

100.   As provided under ERISA §502(a)(2), Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

101.   In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

102.   Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

**TENTH CLAIM FOR RELIEF**

**AGAINST JAY AND JEAN WEIL FOR RECEIPT OF FEES AND COMPENSATION WHILE AN EMPLOYEE OF THE PLAN SPONSOR IN VIOLATION OF ERISA § 408(c)(2) 29, U.S.C. § 1108(c)(2) and DEPARTMENT OF LABOR REGULATION 29 C.F.R. § 2550.408c-2**

103.   Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

104.   At all times Defendant Jay Weil was a fiduciary of the Plan within the meaning of ERISA §3(21)(A) 29 U.S.C. §1002(21)(A) because he had the authority to and exercised discretionary control over the selection, management and disposition of the investment options that constituted the assets of the Plan and because he also had the authority and responsibility and rendered investment advice to the Plan in connection with the selection of the various investment options that constituted the assets of the Plan.  Defendant Jay Weil was compensated directly or indirectly from the assets of the Plan in exchange for providing these fiduciary services.

105.   At all times from July 1, 2008, until he was terminated on May 9, 2019, Defendant Jay Weil was also a full time employee of Weil & Drage, the employer of all Plan participants and the sponsor of the Plan.

106.   ERISA §408(c)(2) provides in part that:  "no person . . . serving [as a fiduciary] who already receives full-time pay from an employer . . . whose employees are participants in the plan . . . shall receive compensation from such plan"

107.   Department of Labor Regulations at 29 C.F.R. § 2550.408c-2(b)(2) state in pertinent part:

> Under sections 408(b)(2) and 408(c)(2) of [ERISA] the term "reasonable compensation" does not include any compensation to a fiduciary who is already receiving full-time pay from an employer . . .

108.   No amount of the fees and commissions received by Jay Weil for the services he performed while an employee of Weil & Drage and while acting in a

fiduciary capacity on behalf of the Plan constitutes reasonable compensation under the above-cited statute and regulation. The payment to and receipt by Defendant Jay Weil of such fees and/or commissions is a violation of those prohibitions.

109. As provided under ERISA §502(a)(2), Plaintiffs and entitled to and Defendants are liable to restore and make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

110. As provided under ERISA §502(a)(2), Plaintiffs and entitled to and Defendants are liable for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a).

111. In the alternative Plaintiffs are entitled to other appropriate equitable relief from Defendants as this Court may determine is just and proper under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

112. Defendants are liable for reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

## ELEVENTH CLAIM FOR RELIEF

## AGAINST JEAN WEIL FOR OFFSET OF HER PARTICIPANT ACCOUNT DUE TO HER FIDUCIARY VIOLATIONS, PURSUANT TO ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4)

113. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth here.

114. The Plan currently holds and maintains an account for the benefit of Defendant Jean Weil in which she claims an interest.

115. The Court is authorized to award equitable or remedial relief as the Court may deem appropriate, pursuant to ERISA §§ 409(a) & 502(a)(3), 29 U.S.C. §§ 1109(a) & 1132(a)(3).

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

116.    Under this authority, the Court should impose a constructive trust remedy and enforce a right of offset by the Plan against Jean Weil's benefits in the Plan, as permitted under ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4), with respect to any amount Jean Weil is ordered or required to pay to the Plan in this Action as a result of her violations of Part 4 of Subtitle B of Title I of ERISA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, jointly and severally, as follows:

1.    As provided under ERISA §502(a)(2), for restoration and to make good to the Plan all losses of the Plan resulting from Defendants' violations of ERISA, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a);

2.    As provided under ERISA §502(a)(2), for disgorgement to the Plan of all profits that Defendants have accumulated through their use of Plan assets, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a);

3.    For such other equitable or remedial relief as the Court may deem appropriate under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), including the imposition of a constructive trust remedy and enforcement of a right of offset by the Plan against Jean Weil's benefits in the Plan as permitted under ERISA § 206(d)(4), 29 U.S.C. §1056(d)(4), with respect to any amount Jean Weil is ordered or required to pay to the Plan in this action as a result of her violations of Part 4 of Subtitle B of Title I of ERISA;

4.    For reasonable attorney fees and costs of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

5.    For such other and further relief as is just and proper.

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DURHAM JONES & PINEGAR, P.C.
111 S. MAIN, SUITE 2400
SALT LAKE CITY, UT 84111
(801) 415-3000

Respectfully submitted,

Dated:  January 3, 2020        /s/ David W. Tufts

DURHAM JONES & PINEGAR, P.C.
David W. Tufts
W. Waldan Lloyd (*pro hac vice applicant*)

Attorneys for Plaintiffs